### Jade BARRIOS

v.

### PELHAM MARINE, INC.

**Civ. A. No. 84–5521.**

United States District Court,
E.D. Louisiana.

June 28, 1985.

Burton G. Klein, New Orleans, La., for Jade Barrios.

Arden Lea and David L'Hoste, New Orleans, La., for Pelham Marine.

Eddie Koehl, Jr., and Jeanmarie Lococo, Jones, Walker, Walchter, Poitevent, Carrere & Denegre, New Orleans, La., for Texaco.

### ORDER AND REASONS

DUPLANTIER, District Judge.

Plaintiff was a welder employed by an independent contractor engaged in repair work in the ballast tank of defendant's vessel. He sued Pelham Marine, Inc., the vessel owner, for damages under 33 U.S.C. 905(b), alleging that defendant's negligence

caused him to slip and fall while he was descending a ladder in the tank to continue his work, resulting in injuries to his back. Pelham filed a third-party complaint against Texaco, Inc., alleging negligence, products liability and breach of warranty.

The case was tried to the court, which concluded that Pelham's negligence caused plaintiff's injuries. The court dismissed the third-party complaint against Texaco, Inc. Texaco moved for sanctions against Pelham for filing a frivolous third-party complaint (Rule 11, F.R.C.P.). For the following reasons, the motion is granted.

The third-party complaint of Pelham is in clear violation of Rule 11, which provides in pertinent part as follows:

> The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law....
>
>     \*     \*     \*     \*     \*     \*
>
> If a pleading, motion or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

Rule 11 was amended in 1983. "The amended rule recognizes that the litigation process may be abused for purposes other than delay and encourages ... the imposition of sanctions so as to ... help to streamline the litigation process by lessening frivolous claims...." Wright & Miller, *Federal Practice and Procedure,* § 1331, 1985 Pocket Part, p. 153.

"The new language [of Rule 11] stresses the need for some prefiling inquiry into both the facts and the law to satisfy the affirmative duty imposed by the rule." Notes of Advisory Committee on Rules.

Texaco's only activity with respect to the vessel occurred during its construction about two years before the accident. Texaco sold to the vessel builder a rust-inhibiting grease for coating the interior of the ballast tank. During construction, the vessel builder, in accordance with the owner's specification, heavily coated the entire interior of the ballast tank with the Texaco grease. Most of that grease remained on the bulkheads, deck, and interior ladder of the tank at the time of plaintiff's accident. Pelham's negligence consisted primarily of its failure to degrease the tank and ladder before undertaking the repair work in the tank. The only bases for the third-party complaint were that Texaco supplied the grease for application in the tank during the vessel's construction and that Texaco failed to warn Pelham, as owner of a vessel with a grease-coated tank, that grease is slippery. To state these contentions is to demonstrate that they are frivolous.[1]

Since trial was held less than seven months from the date the complaint was filed, a brief history of the litigation is helpful to demonstrate that Pelham had ample time prior to filing the third-party complaint to investigate and determine that it would be frivolous to assert a claim against Texaco, and ample opportunity to dismiss Texaco voluntarily prior to trial. Four months elapsed from the filing of suit on November 15, 1984, until the third-party complaint was filed March 19, 1985. Texaco answered about a month later, and within a month thereafter moved for summary judgment. The motion for summary judgment was heard on an expedited basis a

---

1. During a deposition, Pelham's representative repeatedly stated he had "no information" about the factual basis for his company's claims. Indeed, the representative agreed that the "sole basis" for the allegations against Texaco was that "[t]he plaintiff is saying that he slipped on a ladder. And as I understand it, the reason for that happening is because that ladder had grease on it."

**514**

few days before trial. Pelham persisted in opposing that motion. Since the trial would be brief (it actually lasted only about one-half day) the court decided that it would be more efficient to deny the motion and dismiss Texaco on the merits.

We do not impugn the subjective motives of Pelham's attorney in filing the third-party complaint, but much more is required by Rule 11 than a good faith belief that a claim is valid. A reasonable amount of inquiry, which is what the rule requires, would have shown that the third-party complaint had no basis in fact or in law. At the very least, Pelham's attorney should have realized that the claim against Texaco was frivolous prior to the hearing on the summary judgment motion and should have voluntarily dismissed Texaco then. *See* Schwartzer, *Sanctions Under the New Federal Rule—A Closer Look,* 104 F.R.D. 181 (1985).

In addressing the appropriate sanction, we note at the outset that this may be the first imposition of a sanction for a frivolous claim after trial on the merits in this district. Indeed, we find no similar reported cases. Moreover, we have no reason to believe that Pelham's counsel is a repeat offender. We do not impugn counsel's integrity; we discharge the unpleasant duty of enforcing Rule 11 to deter future violations. We impose a modest monetary sanction to partially compensate Texaco for the consequential expenses incurred subsequent to the hearing on the motion for summary judgment. We order counsel for Pelham to pay the sum of $750.00 to Texaco.

